MUSICK, Respondent, v. CHAMLIN, Appellant.

1. A justice of the peace has jurisdiction of a suit to recover the balance of the purchase money of land, where the credits allowed bring the amount claimed within the sum for which the justice can entertain suits.

*Appeal from St. Louis Law Commissioner's Court.*

The facts sufficiently appear in the opinion of the court.
*Cline & Jamison* and *Woods*, for appellant.
*Burke* and *Page*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was a suit commenced before a justice of the peace for the balance of the purchase money for a tract of land sold by plaintiff to defendant. The account was filed with the justice,

stating the original price of the land sold, and giving credit for various amounts, reducing the indebtedness down to the sum of $84 63.

The plaintiff obtained judgment before the justice, and an appeal was taken to the law commissioner's court. There the defendant filed a motion to dismiss the appeal, assigning various reasons therefor—one of which was, that the justice of the peace had no jurisdiction of the cause of action, and, consequently, that the law commissioner's court could not entertain the appeal. This motion was overruled and excepted to.

Upon a trial in the law commissioner's court, judgment was again rendered for the plaintiff for the sum of $60 27. A motion for a new trial being made and overruled, the defendant appealed to this court.

In looking over the whole record, with its various motions and reasons therefor, I can find no sufficient error to authorize this court to reverse the judgment. There is nothing in all the various reasons assigned for dismissing the appeal. The balance of the purchase money was within the magistrate's jurisdiction, and there is no reason why he should resort to the Circuit Court or Common Pleas, when a justice's court had jurisdiction of such a case. Nor is there any thing in all the various instructions prayed for by the defendant, and which the law commissioner refused.

The whole cause of all the complaint and of all the opposition to the trial in the law commissioner's court is plainly attributable to the fact that defendant, in order to obtain the relinquishment of the dower of the wife of the plaintiff in and to the land sold by plaintiff to the defendant, he (the defendant) had to pay to the wife the sum of fifty dollars. The plaintiff had nothing to do with this money, as the record shows, nor is he responsible for it. If the defendant thought proper to buy the good will of the wife, and thereby obtain her relinquishment, rather than resort to an action against the plaintiff for breach of contract, let him not afterwards object to the paying of the balance due to the plaintiff for the land.

Upon the whole record, we think justice has been done, and judgment given for the right party. Let it therefore be affirmed; the other judges concurring.